UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY YOON, et al.,

    Plaintiffs,

v.

META PLATFORMS, INC.,

    Defendant.

Case No. 24-cv-02612-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: ECF 24, 29, 31

This Court orders Plaintiffs and Defendant to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction requires that the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have supplemental jurisdiction over all other claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Defendant claims this Court has federal question jurisdiction and supplemental jurisdiction due to Plaintiffs' claims under the federal Wiretap Act. ECF 1 ¶¶ 5, 8. However, both parties fail to address how Plaintiffs' withdrawal of their only federal claims in the complaint affects the Court's subject matter jurisdiction. ECF 29 at 1 n.1.

Accordingly, both parties must show cause in writing by December 3, 2024, why this case should not be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: November 19, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge