UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARY YOON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 24-cv-02612-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE HAS CAFA JURISDICTION**<br><br>Re: ECF 36, 43 |
|---|---|

This Court orders Defendant to show cause why this case has the requisite 100-person numerosity required for the Court to have jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). CAFA vests federal district courts with original jurisdiction of any civil action where (1) the aggregate number of proposed plaintiffs is one hundred or greater, (2) any member of the plaintiff class is a citizen of a state different from any defendant, and (3) the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1132(d).

When it is "unclear or ambiguous from the face of the state court complaint that jurisdictional requirements are met, the removing party must prove such requirements by a preponderance of evidence." *Fergerstrom v. PNC Bank, N.A.*, No. CIV. 13-00526, 2014 WL 1669101, at *8 (D. Haw. Apr. 25, 2014) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Thus, to prove numerosity, courts require defendants to give sufficient, nonconclusory evidence. *See e.g., Coit v. Fid. Assur. Assocs., LLC*, No. C 09-02585, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008) (finding that the defendant's affidavit for numerosity was conclusory because it did not show how they arrived at the number); *see also Mook v. Regis Corp.*, No. 09-cv-00118-H, 2009 WL 10672049, at *5 (S.D. Cal. Feb. 18, 2009) (finding that the defendant's evidence of numerosity was scant because the declaration used relied on reports and data that were not attached); *see also*

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (finding that a declaration asserting class size based on company records satisfied numerosity).

Here, because Plaintiffs' complaint did not allege a specific class size, Defendant needed to prove by a preponderous of evidence that the aggregate number of proposed plaintiffs is a hundred or higher. Defendant did not do so. It only argues that because Plaintiffs alleged that "[t]here are at least 40 members of the proposed Class, but the true number is almost certainly higher," the class numbers would "at the very least, [be] in the thousands (and likely much higher)." *Id.* at 3. This statement is conclusory. Defendant does not provide any evidence supporting the jump from 40 to thousands or an explanation of how it arrived at that number.

Accordingly, Defendant must show cause in writing by December 13, 2024, why this case has the requisite 100-person numerosity required for the Court to have jurisdiction under CAFA.

**IT IS SO ORDERED.**

Dated:  December 6, 2024  _____
NATHANAEL M. COUSINS
United States Magistrate Judge

2